IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr98-MHT |
| | ) | (WO) |
| LAMONT KATRELLE PIERCE | ) | |

OPINION AND ORDER

This matter is before the court on the issue of whether to send defendant Lamont Katrelle Pierce to a Bureau of Prisons (BOP) facility for a mental-health evaluation for the purpose of determining an appropriate sentence. Pierce has a lengthy history of criminal behavior, starting in childhood, that the court suspects stems from serious mental illness. He was first arrested at nine years of age and was arrested at least eight times before turning 18; since that time, Pierce, now 25 years old, has been in jail more often than he has not. Past attempts at treatment have failed. The court needs a mental-health

evaluation of Pierce in order to determine an appropriate sentence.

Pierce reports that he received outpatient treatment for anger management as a teenager and he attended therapy for one or two months. Later, he attempted suicide at age 16 before being sent to what he described as a "crazy home." Records do not indicate what sort of treatment he received there.

Pierce was expelled from Montgomery Public Schools at age 14 after completing the sixth grade. As a young child, he was chronically absent from school, missing 69 days of kindergarten and 55 days of the first grade. At age 12, he began using marijuana, with "weekends only" use thereafter. He was arrested for domestic violence ten days after his expulsion, and was arrested twice more at age 15 and twice more at age 16.

As an adult, Pierce has twice been arrested for shooting people, and latest arrest stems from an angry outburst with a firearm against his brother. He has struggled to find work, and he was dismissed from his

job in June 2016 as a result of a physical altercation with another employee. Alabama Department of Corrections records indicate that, while in prison, he has completed three programs designed to curb his anger and ameliorate his criminal behavior. Clearly, those programs were not effective.

Given Pierce's background and history of dangerous behavior, the court suspects that he suffers from some mental disorder. Where, as here, there is a reasonable basis to believe that a defendant's mental-health problem contributed to the conduct underlying his or her conviction, the court should order a mental-health evaluation. Such an evaluation is necessary to aid the court in fashioning an appropriate sentence, by helping to determine (1) how a defendant's mental disorder, if such a disorder exists, may affect his or her *culpability* for the offense conduct; and (2) what type of *treatment*, if any, the defendant should receive while on supervised release. The mental-health recommendation should, therefore, focus on these dual,

overlapping issues of culpability and treatment: the role, if any, defendant's mental disorder(s) played in his or her charged conduct, and what treatment is recommended for defendant's disorder in light of his or her individual characteristics and history. *See United States v. Mosley*, ___F.Supp.3d ___, 2017 WL 4230221 (M.D. Ala. 2017) (Thompson, J.).

Pierce is facing punishment for unlawfully possessing a firearm and marijuana, and there is reason to believe that his criminal conduct may have been impacted by a mental disorder. Further, while his mental health was evaluated in the past, he has never received an in-patient, longitudinal assessment. The court sees no evidence that Pierce will be prepared to re-enter society successfully after 51–63 months in prison--the Guideline range for his offense--without some form of mental-health treatment. In order to vindicate society's interest in putting a stop to his violent outbursts, the court finds that a mental-health

4

evaluation is necessary to fashion an appropriate sentence.

18 U.S.C. § 3552(b) authorizes the court to order that the study be done by the BOP upon the finding of a "compelling reason" or where there are no adequate professional resources available in the local community to perform the study.  In this case, the court seeks a comprehensive, longitudinal evaluation of the Pierce's mental health.  There are no locally available resources that could provide such an evaluation in the jail where Pierce is housed (or in any other local jail for that matter).  Such an extended and comprehensive evaluation is simply not feasible given the restrictions on access to prisoners in a jail environment.  Furthermore, releasing Pierce from jail in order to obtain such an evaluation in the community is not an option due to the high risk that he would put himself and others at risk.

Pierce has no objection to being evaluated. Because he does not oppose being transported, and

committed, to a BOP facility for the mental-health evaluation, no due-process concerns are raised. *See Mosley*, ___ F.Supp.3d at ___, 2017 WL 4230221 at *5.

***

Accordingly, in order to ensure that defendant Lamont Katrelle Pierce is not inappropriately punished for having a mental-health disorder, to assess accurately his culpability for the offense, and to mete out any necessary rehabilitative treatment, it is ORDERED that defendant Pierce receive a mental-health evaluation as follows:

(1) Pursuant to the provisions of 18 U.S.C. § 4241 and §§ 4247(b) & (c), the United States Marshal for this district shall immediately remove defendant Lamont Katrelle Pierce to the custody of the warden of an appropriate institution as may be designated by the Attorney General, where he is to be committed for the purpose of being observed, examined, and treated by one

6

or more qualified psychiatrists or psychologists at the institution. The statutory time period for the examination shall commence on the day defendant Pierce arrives at the designated institution. The examination shall be conducted in the suitable facility closest to the court, unless impracticable.

(2) Pursuant to 18 U.S.C. § 3552(b), the examining psychiatrists or psychologists shall evaluate defendant Pierce's psychological condition for the purposes of sentencing and shall include their findings in a report to be presented to this court.

    (a) To assist the court in assessing defendant Pierce's culpability, the study shall discuss defendant Pierce's mental-health history and characteristics, and shall particularly address (i) whether he suffers from any mental disorders and if so, which one(s); (ii) what role, if any, his disorder(s) played in his commission of the offenses for which he now faces sentencing; and (iii) how his disorder(s) impact his ability to refrain from future dangerous and criminal conduct.

(b) In addition to assessing whether defendant Pierce has a mental disorder, the study shall provide recommendations for treatment to be provided to defendant Pierce while on supervised release. The study should address, in light of his failure improve his behavior after other treatment, his personal characteristics, history, and circumstances, and his mental health, which treatment modalities, treatment settings, and supportive or other services are likely to be most effective in helping defendant Pierce to control his anger and to learn to respond to life stressors without resorting to criminal violence.

(3) Finally, the study shall discuss any other matters the Bureau of Prisons believes are pertinent to the sentencing factors set forth in 18 U.S.C. § 3553(a).

DONE, this the 19th day of January, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**