IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:17cr98-MHT |
| | ) | (WO) |
| **LAMONT KATRELLE PIERCE** | ) | |

## ORDER

It is ORDERED that defendant Lamont Katrelle Pierce's motion for compassionate release (doc. no. 61) is denied.

\*\*\*

Defendant Pierce appears to seek relief under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant part:

> "[T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are

applicable, if it finds that—

    (i) extraordinary and compelling reasons warrant such a reduction; ...

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Pierce's motion is lacking in several respects. First, he has not shown that he has filed with his facility's warden a request for the Bureau of Prisons (BOP) to file a motion for compassionate release on his behalf. Second, assuming he has filed such a request with the warden, he has not shown that he has fully exhausted all administrative rights to appeal the BOP's failure to bring a compassionate-release motion on his behalf, or that 30 days have lapsed since he filed the compassionate-release request with the warden. Third, he has not shown that extraordinary and compelling reasons warrant a reduction of his sentence. Finally, he has not shown that a sentence reduction would be consistent with applicable policy statements.

DONE, this the 12th day of April, 2021.

                                      /s/ Myron H. Thompson
                                 UNITED STATES DISTRICT JUDGE